IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JENNIFER S. RODRIGUEZ**

    **Plaintiff,**

v.                                                  **Cause No. 5:20-cv-359**

**LEIGH R. CUTTER, Individually and
d/b/a CUTTER & ASSOCIATES**

    **Defendant.**

## PLAINTIFF's ORIGINAL COMPLAINT

COMES NOW the Plaintiff, JENNIFER S. RODRIGUEZ, and sues the Defendant, LEIGH R. CUTTER, individually and d/b/a/ CUTTER & ASSOCIATES and in support thereof states as follows:

## GENERAL ALLEGATIONS

1. This is an action to recover monetary damages in the form or unpaid overtime compensation, as well as an additional amount as liquidated damages, to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. Seq.* ("FSLA") and for an award of attorneys' fees and costs.

2. Plaintiff, Jennifer S. Rodriguez is a former employee of Defendant, who is a Texas licensed attorney operating a law firm. Defendant knowingly refused and failed to pay Plaintiff overtime even though she was a non-exempt employee.

## JURISDICTION

3. This Court has subject matter jurisdiction over this FLSA claim pursuant to Title 28 U.S.C. §1331 and by Title 29 U.S.C. §216(b).

4. At all times material, Plaintiff was a non-exempt employee of the Defendant.

5. At all times material, Defendant operated a business organization which sells and/or markets its services to customers/clients in the State of Texas.

6. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum.

7. Defendant is subject to the personal jurisdiction of this Court because she operates, conducts, engages in, and/or carries on business in the Western District of Texas.

8. The Defendant is also subject to the personal jurisdiction of this Court because she engages in substantial and not isolated activity within the Western District of Texas.

## VENUE

9. This Court is the appropriate venue based upon the following:

    a. The unlawful employment practices alleged herein occurred and/or were committed in the Western District of Texas; and

    b. Defendant was, is and continues doing business within the Western District of Texas.

## PARTIES

10. Plaintiff was and continues to be an individual resident of San Antonio, Bexar County, Texas.

11. Defendant is an individual resident of San Antonio, Bexar County, Texas who continues to operate a law firm in San Antonio, Bexar County, Texas. Defendant was the direct employer of the Plaintiff within the meaning of the FLSA.

## FACTS

12. At all times material, the Defendant was the sole owner of a law firm doing business under the trade name "CUTTER & ASSOCIATES." Defendant exercised operational control of the business such that she was an employer of Plaintiff within the meaning of

Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that she acted directly in the interest of the business in relation to its employees, including Plaintiff.

13. Plaintiff worked full time for Defendant for over 3 months.

14. Defendant has possession of records of most if not all of the time worked by Jennifer S. Rodriguez.

15. Defendant did not pay Plaintiff overtime even though she worked more than 40 hours per week in most, if not all, of the weeks she was employed by Defendant. Although Plaintiff questioned Defendant about overtime pay, Plaintiff was told she was an "exempt" employee and thus not entitled to overtime compensation. Defendant misclassified Plaintiff as an exempt employee.

16. Jennifer S. Rodriguez typically worked at least five days per week.

17. Jennifer S. Rodriguez often worked from as early as 6:30 a.m. to as late as 11:30 p.m. or later, Monday through Friday, and every Saturday and Sunday for up to 6 hours each day.

18. Jennifer S. Rodriguez was required and instructed by Defendant to carry and answer the office cell phone ending in 4304 at ***all times***.

19. Typically, Jennifer S. Rodriguez did not have a bona fide meal period during which she was permitted to "take her off the clock." On the few occasions when Jennifer S. Rodriguez attempted to have a bona fide meal period, it was interrupted repeatedly for her to do work, including, but not limited to, answering the phones or responding to requests from attorneys in the office or communications with clients or third parties.

20. Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned wages and overtime compensation in conformance with the FLSA.

21. Plaintiff has maintained a systematic record of unpaid overtime hours. During the three months prior to leaving Defendant's employ, Plaintiff worked in excess of 450 overtime hours for which she was paid nothing (subject to reviewing all of her time records and documentation and information in the possession of the Defendant or third parties).

22. Plaintiff's regular rate of pay was $23.00 per hour, computed by taking her annual compensation and dividing it by a 40 hour work week.

23. Plaintiff's overtime rate was at least $34.50 per hour.

24. Plaintiff is owed for the approximate number of overtime hours of 450 times her overtime rate of $34.50, or at least $15,525.00. Plaintiff is entitled to liquidated damages of at least $15,525.00.

25. Therefore, Plaintiff is entitled to be paid a total of at least $31,050.00 plus interest.

26. Defendant knew, or by exercising reasonable diligence, shown have gained knowledge and known that. Plaintiff was not being compensated for any or all overtime hours at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, as required by the FLSA.

27. On one or more occasions, the Defendant acknowledged her obligation to pay employees overtime pay. Yet, Defendant failed and refused to do so.

28. On one such occasion, via a text message, Defendant declared "You are an exempt employee and therefore not entitled to overtime pay." However, in subsequent recorded conversations Defendant stated "I don't believe you are a non-exempt employee and therefore did not receive overtime pay, you knew that you were not exempt and would not get paid for any overtime hours works, why didn't you ever submit a time sheet or tell me I owed you money for overtime?"  Ultimately, Defendant informed Plaintiff that

Defendant "will not be paying your demand." Defendant then stated: "Sue me, if you feel that's appropriate."

29. Despite the fact that she was aware of her obligation to pay overtime to Plaintiff, Defendant outright refused to do so.

## STATEMENT OF FACTS

30. Plaintiff worked for Defendant for over three months from about August 19, 2019 to November 27, 2019, when she voluntarily resigned from her job because of inappropriate behavior between the Defendant's employees and law firm clients.

31. Plaintiff performed various nonexempt work for Defendant, working as a paralegal under the supervision and direction of attorneys Leigh R. Cutter and Jacob Kemmy.

32. Plaintiff was paid a flat amount semi-monthly which was an hourly rate ascribed to her by taking $47,840.00 divided by 40 hours per week for 52 weeks, or 2,080 hours, or $23.00/hour, which represented Jennifer's regular rate.

33. Defendant knowingly and willfully operated the firm with a policy of not paying overtime compensation to Plaintiff, to which she knew she was entitled, which was in violation of the FLSA.

34. When Plaintiff worked more than 40 hours in any given week, Defendant did not pay Plaintiff any form of additional compensation.

35. Defendant knew or should have known she was obligated under the FLSA to pay Plaintiff at a time and a half, or $34.50 per hour, for all hours worked in any given week where Plaintiff worked more than 40 hours.

36. Furthermore, the poster employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current by Defendant.

37. Under the FLSA, it was Defendant's obligation to record and keep records of the hours worked by Plaintiff and Defendant failed to comply with that obligation.

38. Defendant has violated Title 29 U.S.C. §206 and/or 207 in that, among other reasons:

   a. Plaintiff was not paid overtime to which she was entitled; and

   b. Defendant failed to maintain proper time records as mandated by the FLSA.

39. Plaintiff has retained the undersigned attorney to represent her in this litigation and has agreed to pay the firm's reasonable attorneys' fees for its services.

40. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

## COUNT I

### UNPAID OVERTIME COMPENSATION
### DECLARATION VIOLATION OF 29 U.S.C. §207

41. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

42. During Plaintiff's employment with the Defendant, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

43. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

44. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to her are in the possession and custody of the Defendant. Plaintiff

intents to obtain these records by appropriate discovery proceedings to be taken promptly in this case to determine the amount due to her.

45. Defendant knew of and/or showed a willful disregard for the provision of the FLSA, as evidenced by her failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they she knew or should have known such was due.

46. Defendant failed to property disclose or apprise Plaintiff of her rights under the FLSA.

47. Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

48. During the period of three months prior to the filing of this Complaint, Plaintiff worked approximately 450 overtime[3] hours for which she was paid nothing.

49. Plaintiff's regular rate was $23.00 computed by taking her annual salary and diving it by her standard work week.

50. Plaintiff's overtime rate was, therefore, $34.50

51. Plaintiff is owed for the approximate number of overtime hours of 450 times her overtime rate of $34.50, or $15,525.00.

52. Plaintiff is entitled to liquated damages of $15, 525.00

53. Plaintiff is entitled to be paid a total of $31,050.00 plus interest.

54. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER

WHEREFORE, Plaintiff Jennifer S. Rodriguez, respectfully requests that judgment be entered in her favor and for all other similarly situated who join the action against the Defendant jointly and severally:

a. Declaring that Defendant has violated the overtime provisions of 29 U.S.C. §207;

b. As to Plaintiff;

    i. Awarding overtime compensation in the amounts to be calculated;

    ii. Awarding liquidated damages in the amounts calculated;

    iii. Awarding reasonable attorney's fees and costs; and

    iv. Awarding post-judgment interest and

c. Ordering any other and further relief this Court deems to be just and proper.

Respectfully submitted this 19th day of January 2020.

Respectfully Submitted,

**RL WILSON LAW FIRM**
16607 Blanco Road, Ste. 501
San Antonio, TX 78232
Telephone (210) 223-4100
Facsimile (210) 223-4200
Email: rlw3d@sa-law.com

By: */s/Robert L Wilson III*
    Robert L Wilson III
    Texas Bar No: 50511773
    *Attorney for Plaintiff*